Bradley, J.
 

 (dissenting).—I am unable to adopt the view of the majority of the court, that it was error to refuse to charge as requested that if the plaintiff then knew or had notice that the machine was out of order the placing of his hand upon the saw constituted contributory negligence and he could not recover. The question whether the plaintiff was chargeable with contributory negligence was one of fact, and was submitted to the jury, and the court charged them that if the plaintiff had notice of
 
 the
 
 defect in the machine and continued to operate it, that was a very important fact for them to consider in determining the question of his contributory negligence.
 

 There appears to have been a particular defect in a certain bolt or pin, which caused the machine to start and set the saw in motion. Of this defect the plaintiff testified he had no notice, although he had observed that the machine, as he expressed it, was a little shackly, and had called the attention of the foreman in the shop to it. He, therefore, may have had knowledge or notice that the machine was out of order without having any notice whatever of the defect which permitted the machine to start and put the saw in motion, or of any defective condition which rendered it dangerous for him to place his hand where he did at the time he received the injury. The evidence warranted the conclusion that he was proceeding in the usual manner to shift the saws in their place at the time of the accident, and that to do so he had to put his hand upon the saws to keep them in their place. The request to charge did not necessarily point to this defect, but by it the court was asked to hold as mattter of law, and to charge the jury that if the plaintiff had knowledge or notice that the machine was out of order at the time in question, the plaintiff was guilty of negligence, and could not recover. This the court properly declined to charge the jury. The notice which would furnish such imputation would be notice of the particular defect which gave danger to the situation in which the plaintiff then was, a defect which would give apprehension that the machine was liable to start, or was not in that respect subject to his control by the use of the usual and ordinary means applicable to restrain or govern its motion. The fact, on the finding of which the court was requested to instruct the jury that the plaintiff could not recover, was knowledge or notice that the machine was out of order in any respect, although he had no notice that its condition was such as to cause it to start, or to occasion any apprehension that it was liable to do so without the use of the usual means employed through his aid to give motion to it. The language of the request should not be extended beyond its fair and necessary import for the predication of error upon it.
 

 It, therefore, seems clear that the exception to the refusal to charge was not well taken. .
 

 
 *29
 
 The judgment should be affirmed.
 

 Judgment reversed, and new trial granted, with costs to abide event.
 

 All concur, except Bradley, J., who reads dissenting opinion,, and Haight, J., not voting.